Pfeifer, J.,
dissenting.
{¶ 29} I agree with the majority that the jury instructions could have been better worded, and I agree that the instruction suggested by the majority is better than that which was given to the jury. No one sentence of a jury instruction, however, stands alone — even though that is what the majority appears to believe — and no civil defendant is entitled to a perfect trial, see Moretz v. Muakkassa, 137 Ohio St.3d 171, 2013-Ohio-4656, 998 N.E.2d 479, ¶ 125 (Pfeifer, J., dissenting).
{¶ 30} The majority opinion states, “[T]he jury instruction should have stated, ‘If you find that Defendant Jamie Paliath committed fraud, and if you find that Paliath committed this fraud within the scope of her agency, then Home Town is vicariously liable.’ ” (Emphasis sic.) Majority opinion at ¶ 17. The majority concludes that because the italicized language was omitted, the instruction was incorrect because “[a] principal is not vicariously liable unless its agent acted within the scope of her agency when committing a tort.” Majority opinion at ¶ 17. That last principle is unassailably true — and was well explained in plain language in the three previous sentences of the jury instruction.
{¶ 31} Three sentences before the imperfect sentence in the jury instructions, the trial court stated, “Vicarious liability means that the broker * * * is bound by action taken on its behalf by a realtor * * * while acting within the scope of her authority.” Two sentences before the imperfect sentence, the trial court stated, “A real estate agent is not within the scope of her agency when she clearly and completely departs from the services or jobs that she was hired to do.” One sentence before the imperfect sentence, the trial court stated, “When an agent acts solely for her own benefit or solely for the benefit of a person other than her broker, she does not act within the scope of her agency and the broker is not liable for the agent’s act.”
{¶ 32} Although the imperfect sentence could have been better worded, that sentence does not exist in a vacuum. The three sentences immediately preceding it contained the plain-language definition — that vicarious liability does not attach unless the agent was acting within the scope of employment — that the majority opinion claims is lacking in the instructions.
{¶ 33} I have the utmost respect for the juries in this state. I do not assume, as the majority opinion does, that this jury focused exclusively on one sentence that could have been better worded. Instead, I assume that the jury read the entirety of the jury instructions, including the three sentences immediately *284 preceding the less than perfect sentence. When read in pari materia, the jury-instructions plainly state that vicarious liability attaches only when the agent is acting within the scope of his or her employment.
Lasky & Scharrer and Laurence A. Lasky; and Gregg Law Office and Stephen D. Gregg, for appellee.
Pyper & Nordstrom, L.L.C., and Thomas H. Pyper, for appellant.
Baker Hostetler, John H. Burtch, and Robert J. Tucker, urging reversal for amicus curiae Ohio Association of Realtors.
Ralph W. Holmen and Katherine R. Johnson, urging reversal for amicus curiae National Association of Realtors.
{¶ 34} This court is remanding the case for a new trial at which the parties will present the same evidence and the judge will issue the same instructions, with one small unnecessary if helpful addition. So much for judicial economy.
{¶ 35} I would affirm the court of appeals. I dissent.
O’Neill, J., concurs in the foregoing opinion.